IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANE LINDSEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1777 |
| | § | |
| LONE STAR R.V. SALES, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 18] filed by Defendant Lone Star R.V. Sales ("Lone Star"). Plaintiff neither filed a response in opposition to Lone Star's Motion nor requested additional time to do so.[1] Having reviewed the full record, including the uncontroverted evidence, and having applied governing legal authorities, the Court **grants** Lone Star's Motion.

## I. BACKGROUND

On January 22, 2008, Lone Star sold Plaintiff a travel trailer manufactured by Defendant Sunny Brook RV, Inc. ("Sunny Brook"). Plaintiff paid $67,252,00 for the trailer.

---

[1] Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4. When a plaintiff fails to respond to a motion for summary judgment, the Court must nevertheless consider the merits of the motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

On February 8, 2008, Plaintiff's attorney sent Lone Star letter designated as a "Notice of Intent to Sue and Violation of DTPA."[2] *See* Letter, Exh. C to Motion. Plaintiff demanded that Lone Star pay him $100,000.00 as damages for a "plethora of problems and inconveniences" resulting from unidentified "defects" in the trailer.

In April 2008, Sunny Brook took possession of Plaintiff's trailer and returned it to the factory for inspection and repairs. On June 3, 2008, Plaintiff filed this lawsuit alleging fraud, violations of the DTPA, and breach of contract. On June 11, 2008, Sunny Brook sent Plaintiff an email listing the repairs that had been made to the trailer. Later in 2008, Plaintiff traded the trailer.

In the second Amended Complaint [Doc. # 13], Plaintiff alleges that Lone Star committed fraud and violated the Texas DTPA when it breached express and implied warranties. *See* Amended Complaint, ¶¶ 12, 14. Plaintiff also alleges that Lone Star "breached the contract" and caused Plaintiff to suffer damages. *See id.*, ¶ 13.

Lone Star moved for summary judgment with supporting evidence that it did not breach any contract with Plaintiff or make warranties or other representations to Plaintiff in connection with the travel trailer. Plaintiff did not respond to Lone Star's Motion, which is now ripe for decision.

---

[2] Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE § 17.41 *et seq*.

## II.     STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the

nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). Although the facts are to be reviewed in the light most favorable to the nonmoving party, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "When evidence

exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

## III.  ANALYSIS

### A.  Fraud and DTPA Claims

Under Texas law, an essential element of a fraud claim is that the defendant made a material representation that was false. *See Allstate Ins. Co. v. Receivable Finance Co.*, 501 F.3d 398, 406 (5th Cir. 2007) (citing *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001)). Similarly, false, misleading, or deceptive acts by the Defendant are required for a valid DTPA claim. *See Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002). A consumer may assert a claim under the DTPA based on a breach of an express or implied warranty that causes the consumer's injury. *See* TEX. BUS. & COM. CODE § 17.50(a).

As the basis for his fraud and DTPA claims in this case, Plaintiff alleges that Lone Star breached "expressed and implied warranties." Lone Star has presented evidence that it specifically disclaimed all warranties, express and implied, and that

Plaintiff understood that Lone Star made no warranties regarding the travel trailer. *See* Purchase Agreement, Exh. A to Motion, ¶ 10. The Purchase Agreement also provides that it is the entire understanding between the parties and that no "other representation or inducement, verbal or written, has been made which is not contained in this contract." *See id.*, p. 1. Plaintiff has presented no evidence to the contrary. As a result, Lone Star is entitled to summary judgment on Plaintiff's fraud and DTPA claims.

### B. Breach of Contract Claim

In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, the performance by the plaintiff, a breach by the defendant, and resulting damages. *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). Plaintiff alleges that "defendants breached the contract" but provides no factual support for the claim. Lone Star has presented evidence that it fully complied with its obligations under the Purchase Agreement. Plaintiff has presented no evidence to the contrary and has identified no other contract between the parties. Lone Star is entitled to summary judgment on the breach of contract claim.

### IV. CONCLUSION AND ORDER

Plaintiff has failed to present evidence to raise a genuine issue of material fact in support of his claims against Lone Star. Accordingly, it is hereby

**ORDERED** that Lone Star's Motion for Summary Judgment [Doc. # 18] is **GRANTED**.

SIGNED at Houston, Texas, this 7th day of **May, 2009**.

_____
Nancy F. Atlas
United States District Judge