IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANE LINDSEY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1777 |
| | § | |
| LONE STAR R.V. SALES, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 23] filed by Defendant SunnyBrook RV, Inc. ("SunnyBrook"), to which Plaintiff Shane Lindsey filed a Response [Doc. # 25]. SunnyBrook neither filed a Reply nor requested additional time to do so. Having reviewed the full record and having applied governing legal authorities, the Court **grants** SunnyBrook's Motion as to the breach of contract claim and **denies** the Motion as to the Texas Deceptive Trade Practices Act claim.

## I.    BACKGROUND

On January 22, 2008, Defendant Lone Star R.V. Sales ("Lone Star") sold Plaintiff a travel trailer manufactured by Sunny Brook. Plaintiff paid $67,252,00 for the trailer.

On February 8, 2008, Plaintiff's attorney sent Lone Star a letter alleging that Lone Star violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") and demanding that Lone Star pay Plaintiff $100,000.00 as damages for a "plethora of problems and inconveniences" resulting from unidentified "defects" in the trailer.

In April 2008, SunnyBrook took possession of Plaintiff's trailer and returned it to the factory for inspection and repairs. On June 3, 2008, Plaintiff filed this lawsuit against Lone Star. On June 11, 2008, SunnyBrook sent Plaintiff an email listing the repairs that had been made to the trailer. SunnyBrook has presented evidence that the trailer was in good condition and suitable for ordinary use after the repairs were made. Later in 2008, Plaintiff traded in the trailer for a trade-in allowance of $69,295.00. *See* Exhibit 7 to Plaintiff's Deposition, attached as Exhibit 3 to Motion.

In his Amended Complaint [Doc. # 13], Plaintiff alleges that Lone Star committed fraud and violated the Texas DTPA when it breached express and implied warranties. *See* Amended Complaint, ¶¶ 12, 14. Plaintiff also alleges that "defendants breached the contract" and "breached an expressed and implied warranty", causing Plaintiff to suffer damages. *See id.*, ¶¶ 13-14. Lone Star previously moved for and was granted summary judgment on Plaintiff's claims against it.

SunnyBrook has moved for summary judgment, arguing that the only contract between it and Plaintiff is the "Limited Two-Year Warranty" ("Warranty") attached as Exhibit 1 to the Motion. SunnyBrook argues that it did not breach any warranties to Plaintiff and, therefore, it is entitled to summary judgment on Plaintiff's claims against it. SunnyBrook also argues that the contract and any warranties specifically exclude incidental and consequential damages "INCLUDING BUT NOT LIMITED TO LOSS OF USE OF VEHICLE[,] LOSS OF TIME, INCONVENIENCE, EXPENSE FOR TRAVEL, LODGING, TRANSPORTATION CHARGES, LOSS OR DAMAGES TO PERSONAL PROPERTY OR LOSS OF INCOME." *See* Warranty, Exh. 1 to Motion. The Motion is now ripe for decision.

## II.    STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any

affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). Although the facts are to be reviewed in the light most favorable to the nonmoving party, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory

facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). The nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

## III. ANALYSIS

### A. Breach of Contract Claim

In order to prevail on a breach of contract claim, a plaintiff must establish the existence of a contract, performance by the plaintiff, a breach by the defendant, and resulting damages. *See Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 577 (5th Cir. 2003) (citing *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App.—Houston [14th Dist.] 2000, no pet.)). SunnyBrook has presented evidence that the only contract between it and Plaintiff was the Warranty, and Plaintiff has identified no other contract between the two parties. Plaintiff has presented evidence that he performed by paying the purchase price for the vehicle. Plaintiff has also presented evidence that raises a genuine issue of fact regarding whether SunnyBrook breached the Warranty contract because the trailer was defective in various ways, such as a leaking skylight, leaking vents, and leaking doors. *See, e.g.*, Kite RV LLC Repair Order, Exh. C to Response. Kite RV LLC estimated that the cost to repair the damage from the various leaks would be approximately 40% of the trailer's value. *See id.*

Plaintiff has not, however, presented evidence of any damages not expressly excluded from the Warranty. It is undisputed that SunnyBrook repaired the damage to the trailer. The uncontroverted evidence establishes that Plaintiff later obtained a trade-in allowance greater than the price he paid Lone Star for the trailer. Plaintiff alleges damages for "loss of use of said Recreational Vehicle" and "loss of benefits." *See* Amended Complaint [Doc. # 13], ¶ 15. The Warranty provides specifically and

in conspicuous language that SunnyBrook "WILL NOT BE RESPONSIBLE FOR ANY INCIDENTAL OR CONSEQUENTIAL DAMAGES INCLUDING BUT NOT LIMITED TO LOSS OF USE OF VEHICLE[,] LOSS OF TIME, INCONVENIENCE, EXPENSE FOR TRAVEL, LODGING, TRANSPORTATION CHARGES, LOSS OR DAMAGES TO PERSONAL PROPERTY OR LOSS OF INCOME." *See* Warranty, Exh. 1 to Motion. Plaintiff has neither identified nor presented evidence of any damages not excluded by the Warranty. As a result, Plaintiff has not presented evidence that raises a genuine issue of material fact regarding the breach of contract claim.

### B. DTPA Claim

A consumer may assert a claim under the DTPA based on a breach of an express or implied warranty that is the producing cause of the consumer's economic injury. *See* TEX. BUS. & COM. CODE § 17.50(a). To recover under the DTPA for a breach of warranty, the plaintiff must show (1) that he qualifies as a consumer, (2) that there was an express or implied warranty, (3) that the defendant breached the warranty, and (4) that the breach was a producing cause of the plaintiff's damages. *See Elliott v. Kraft Foods N. Am., Inc.*, 118 S.W.3d 50, 56 (Tex. App. -- Houston [14th Dist.] 2003, no pet.). It is undisputed that Plaintiff qualifies as a consumer for purposes of his DTPA claim, and SunnyBrook in the Warranty specifically

acknowledges the existence of an implied warranty of merchantability. As was discussed above in connection with the breach of contract claim, Plaintiff has presented evidence that raises a genuine issue of material fact regarding whether SunnyBrook breached the express and/or implied warranties. Plaintiff has also presented evidence of damages resulting from the alleged breach of warranty, specifically hotel expenses he incurred while he could not use the trailer. Plaintiff's evidence thus raises a genuine issue of material fact regarding the DTPA claim, and SunnyBrook's Motion on that claim is **denied**.

## IV. CONCLUSION AND ORDER

Plaintiff has failed to present evidence of damages that are not specifically excluded by the Warranty and, as a result, SunnyBrook is entitled to summary judgment on the breach of contract claim. Plaintiff has, however, presented evidence that raises a genuine issue of material fact in support of his DTPA claim against SunnyBrook. Accordingly, it is hereby

**ORDERED** that SunnyBrook's Motion for Summary Judgment [Doc. # 23] is **GRANTED** as to the breach of contract claim and **DENIED** as to the DTPA claim. Counsel and the parties are reminded that they are **required** to participate in mediation before the July 27, 2009 docket call.

SIGNED at Houston, Texas, this 16th day of **July, 2009**.

Nancy F. Atlas
United States District Judge